Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Attorney of Record: Amy Lynn Bennecoff Ginsburg (AB0891)
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **IVETTE VELEZ,** | ) | Case No.: 1:15-cv-00181-JEI-AMD |
| | ) | |
| Plaintiff, | ) | Motion Date: June 1, 2015 |
| | ) | |
| v. | ) | |
| | ) | |
| **CREDIT ONE BANK,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
HER OPPOSITION TO DEFENDANT'S
<u>MOTION TO DISMISS AND COMPEL ARBITRATION</u>**

# **TABLE OF CONTENTS**

I. Introduction and Procedural History ............................................................... 1

II. Standard of Review ........................................................................................ 2

III. Argument ...................................................................................................... 5

      A.      Plaintiff has stated a claim under the TCPA ................................ 5

      B.      Defendant has failed to meet its evidentiary burden to
      C.      prove the existence of an enforceable arbitration agreement....... 6

      D.      Assuming arguendo that Defendant has proven the existence
                  of an enforceable contract, the arbitration clause is
                  unconscionable ............................................................................ 11

IV. Conclusion ................................................................................................. 13

# **TABLE OF AUTHORITIES**

**CASES**

Atalese v. U.S. Legal Services Group, L.P, 219 A.3d 306, 313 (N.J. 2014).... 8, 10

Bates v. Dow Agrosciences, 544 U.S. 431, 448-449 (2005) ........................... 8

BG Grp., PLC v. Republic of Argentina, 134 S. Ct. 1198, 1206, (2014)......... 4

Century Indem. Co. v. Certain Underwriters at Lloyd's, London subscribing to Retrocessional Agreement Nos. 950548, 950549, 950646, 584 F.3d 513, 524 (3d Cir. 2009) ......................................... 7

Cepero-Rivera v. Faqundo, 414 F.3d 124, 129 (1st Cir. 2005) ......................... 4

First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 943 (1995) ............... 5, 9

Forrest v. Genpact Servs., LLC, 3:12-CV-2249, 2013 WL 4516479 (M.D. Pa. 2013)................................................................................................. 8

Granite Rock Co. v. Int'l Bhd of Teamsters, 130 S. Ct. 2847, 2855-56 (2010) ................................................................................................................. 8

Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000).......... 5

Guidotti v. Legal Helpers Debt Resolution, L.L.C., 716 F. 3d 764, 771 (3d Cir. 2013)...................................................................................................... 10

Guidotti v. Legal Helpers Debt Resolution, L.L.C., No. CIV.A. 11-1219 JBS, 2014 WL 6863183, at *11 (D.N.J. Dec. 3, 2014)...................... 13

Holdings, Inc. v. Ropes, 800 A.2d 915, 923 (N.J. Super. Ch. Div. 2002) ....... 14

Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79 (2002) ......................... 5

Kirleis v. Dickie, McCamey & Chilcote, P.C., 560 F.3d 156, 160 (3d Cir. 2009) ...................................................................................................... 9

Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740, 744 (2012) ......................... 7

Mitsubishi Motors v. Soler Chrysler-Plymouth, 473 U.S. 614, 626 (1985)..... 8

Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983) ................................................................................................................. 5

NAACP of Camden County East v. Foulke Management Corp., 24 A.3d 777, 790-791 (N.J. Super. Ct. App. Div. 2011) .................................................. 10

Neitzke v Williams, 490 U.S. 319 (1989)........................................................ 4

Par-Knit Mills, Inc. v. Stockbridge Fabrics Co., Ltd, 636 F.2d 51, 54 (3d Cir. 1980) .................................................................................................. 6

Phillips v. County of Allegheny, 515 F.3d 224, 228 (3d. Cir. 2008) ............... 4

Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)................................................. 4

Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 515 (2002)............................... 5

U.S. Small Bus. Admin. V. Chimicles, 447 F.3d 207, 209 (3d Cir. 2006) ...... 7

Weichert Co. Realtors v. Ryan, 608 A.2d 280, 284 (N.J. 1992) ..................... 10

**STATUTES**

Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* ..................... 1, 5

**OTHER**

Fed. R. Civ. P. 12(b)(6).................................................................................... 2

Plaintiff, IVETTE VELEZ, by and through her counsel, Kimmel & Silverman, P.C., respectfully submits this Memorandum of Law in Opposition to Defendant's Motion to Dismiss and Compel Arbitration. For the reasons set forth below, the Court should deny Defendant's Motion.

## I.  INTRODUCTION AND PROCEDURAL HISTORY

Plaintiff commenced this lawsuit against the Defendant on January 9, 2015, alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* ("TCPA"). See Docket Entry No. 1. Defendant was served with the Complaint on March 9, 2015 and filed this motion on April 20, 2015. See Docket Entry Nos. 3 and 6. For the following reasons, Defendant's motion should be denied:

(1)  Plaintiff has stated a claim for relief under the TCPA.

(2)  Defendant has the burden of establishing, by competent evidence the existence of a valid and binding contract and that Plaintiff agreed to the terms upon which Defendant relies in its assertion that Plaintiff is subject to arbitration. The standard applied to Defendant's motion is the same standard as that on a Rule 56 summary judgment motion. Defendant has failed to meet its burden to establish the existence of a binding and enforceable arbitration contract between Plaintiff and Credit Once.

    (3)    Defendant has failed to produce any evidence that Plaintiff opened any account or that she was put on notice of the existence of any arbitration agreement; and

    (4)    Any existing arbitration clause is unconscionable.

## II.   STANDARD OF REVIEW

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff's case. See <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974). The issue is not whether the plaintiff will ultimately prevail at the end but only whether he should be entitled to offer evidence to support his claim. See <u>Neitzke v Williams</u>, 490 U.S. 319 (1989).

> Under Rule 8(a)(2), a complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." "This statement must 'give the defendant fair notice of what the plaintiff's claim is and the grounds up which it rests." Under this standard "a court confronted with a Rule 12(b)(6) motion 'may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.

<u>Cepero-Rivera v. Faqundo</u>, 414 F.3d 124, 129 (1st Cir. 2005) (quoting a series of Supreme Court precedents with respect to the rule) (internal citations omitted). The court must resolve all ambiguities in favor of the plaintiff <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 228 (3d. Cir. 2008). Even if the face of the pleadings

suggest that the chance of recover is remote, the court must allow the plaintiff to develop the case. Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 515 (2002).

Finally, when considering a motion to dismiss, "all facts set forth in the plaintiff's complaint are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (internal quotation marks omitted).

For a motion to compel arbitration to succeed the Court must find that both "(1) a valid agreement to arbitrate exists, and (2) the particular dispute falls within the scope of that agreement." Kirleis v. Dickie, McCamey & Chilcote, P.C., 560 F.3d 156, 160 (3d Cir. 2009) (citing Trippe Mfg. Co. v. Niles Audio Corp., 401 F.3d 529, 532 (3d Cir. 2005)).  In the absence of an agreement by the parties to submit the matter of arbitrability to the arbitrator, the question of whether or not a dispute is arbitrable is one for the court. First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 943 (1995). Among "questions of arbitrability" presumptively reserved for a court, The Supreme Court has identified "dispute[s] about whether the parties are bound by a given arbitration clause." Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79 (2002).

Despite the "liberal federal policy favoring arbitration agreements," Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983);

"[a]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." BG Grp., PLC v. Republic of Argentina, 134 S. Ct. 1198, 1206, (2014) (quoting Steelworkers v. Warrior & Gulf Nav. Co., 363 U.S. 574, 582 (1960)). "[U]nless the parties clearly and unmistakably provide otherwise," the decision as to whether the parties have submitted a dispute to arbitration is a question for the Court. Howsam at 83.

In the Third Circuit, the "summary judgment standard is appropriate for the District Court to determine arbitrability in a motion to compel arbitration. Par-Knit Mills, Inc. v. Stockbridge Fabrics Co., Ltd, 636 F.2d 51, 54 (3d Cir. 1980) ("Only when there is no genuine issue of fact concerning the formation of the agreement should the court decide as a matter of law that the parties did or did not enter into such an agreement.") As in the case of any other summary judgment, a district court considering the making of an agreement to arbitrate, "should give to the opposing party the benefit of all reasonable doubts and inferences that may arise." Id.

As discussed below, Plaintiff has stated a claim for relief under the TCPA, and Defendant has failed to present evidence sufficient to carry its burden under Rule 56 to prove the existence of an enforceable agreement to arbitrate. Accordingly, Defendant's Motion to Dismiss and Compel Arbitration should be denied.

## III. ARGUMENT

### A. Plaintiff has stated a claim under the TCPA

In response to voluminous complaints regarding abuses of telephone technology resulting in invasions of privacy, Congress passed the TCPA which authorizes private causes of actions for certain specified conduct, and directs the Federal Communications Commission (FCC) to implement regulations concerning other conduct. Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740, 744 (2012).

Under varying circumstances the TCPA restricts calls initiated to: (1) emergency telephone lines, (2) hospital rooms, (3) any telephone where the called party is charged for the call, (4) residential telephones, and (5) business telephones. See 47 U.S.C. §§ 227(b)(1)(A)(i)-(iii); 227(b)(1)(B), and 227(b)(1)(D). Here the provision that applies to Plaintiff's claims is § 227(b)(1)(A)(iii), which makes it unlawful "to make any call using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a…cellular telephone service…or any service for which the called party is charged for the call."

Here as pled in Plaintiff's Complaint, Defendant initiated telephone calls through the use of an automatic telephone dialing system and automatic and/or prerecorded messages that identified Defendant as the caller. See Docket Entry

No. 1 ¶15-16. Those calls were initiated to Plaintiff's cellular telephone, which meant Plaintiff was charged for every one of Defendant's calls. Id. at ¶12. Finally, Plaintiff revoked consent for Defendant to call that phone number, and Defendant heard and acknowledged Plaintiff's revocation of consent and demand to stop calling her cellular telephone, but continued to call her on her cellular telephone. Id. at ¶18-20. See *e.g.* Forrest v. Genpact Servs., LLC, 3:12-CV-2249, 2013 WL 4516479 (M.D. Pa. 2013) ("Because communications made in an attempt to collect a debt to a cellular phone are not exempt from the TCPA, and because the plaintiff has alleged that the defendant made calls to her cell phone, Defendant's motion to dismiss…will be denied."). Thus, Plaintiff has stated a claim under the TCPA.

**B.     Defendant has failed to meet its evidentiary burden to prove the existence of an enforceable arbitration agreement.**

It is well established that arbitration is contractual in nature. The United States Supreme Court has held that, "the first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate that dispute." Mitsubishi Motors v. Soler Chrysler-Plymouth, 473 U.S. 614, 626 (1985). Whether an agreement to arbitrate exists is to be decided based on normal contract formation and construction principles. Granite Rock Co. v. Int'l Bhd of Teamsters, 130 S. Ct. 2847, 2855-56 (2010) (When deciding whether the parties agreed to arbitrate a certain matter…courts generally…should apply

ordinary…principles that govern the formation of contracts," citing First Options of Chicago, Inc. v. Kaplan, 514 U.S. at 944). Normal rules of contract formation and construction are not displaced by the Federal Arbitration Act. Indeed, "arbitrators derive their authority to resolve disputes only because the parties have agreed in advance to submit such grievances to arbitration." Granite Rock Co., 130 S. Ct. at 2855-56. As such parties cannot be compelled to arbitrate absent an agreement to do so. Century Indem. Co. v. Certain Underwriters at Lloyd's, London subscribing to Retrocessional Agreement Nos. 950548, 950549, 950646, 584 F.3d 513, 524 (3d Cir. 2009), citing U.S. Small Bus. Admin. V. Chimicles, 447 F.3d 207, 209 (3d Cir. 2006). Consequently, in determining whether there is an agreement between the parties to arbitrate a claim, the Court must apply normal contract formation and construction principles. As discussed below there is no credible or convincing evidence to support Defendant's contention that there exists a binding and enforceable contract to arbitrate.

In determining whether the parties entered into a valid agreement to arbitrate, courts "turn to 'ordinary state law principles that govern the formation of contracts.'" Kirleis v. Dickie, McCamey & Chilcote, P.C., 560 F.3d 156, 160 (3d Cir.2009) (quoting First Options of Chic., Inc. v. Kaplan, 514 U.S. 938, 944 (1995)). The United States Supreme Court has repeatedly directed that "[i]n areas of traditional state regulation, we assume that a federal statute has not supplanted

state law unless Congress has made such an intention 'clear and manifest.'" <u>Bates v. Dow Agrosciences</u>, 544 U.S. 431, 448-449 (2005) (internal citations omitted). Here as it is undisputed that Plaintiff is a New Jersey resident; New Jersey law must govern whether a contract with an arbitration clause exists.

In New Jersey, "[p]arties are not required to arbitrate when they have not agreed to do so." <u>Atalese v. U.S. Legal Services Group, L.P</u>, 219 A.3d 306, 313 (N.J. 2014). State law provides that in order to create an enforceable contract the parties must "agree on essential terms and manifest an intention to be bound by them." *<u>Weichert Co. Realtors v. Ryan</u>,* 128 N.J. 427, 435 (1992). An arbitration clause is subject to the same scrutiny as any other provision that requires a party to waive its legal rights: "courts take particular care in assuring the knowing assent of both parties to arbitrate, and a clear mutual understanding of the ramifications of that assent." <u>NAACP of Camden County East v. Foulke Management Corp.</u>, 24 A.3d 777, 790-791 (N.J. Super. Ct. App. Div. 2011). New Jersey law requires a "meeting of the minds" and a "consensual understanding" that the parties are agreeing to waive their access to the courts. <u>Id.</u> Such a contractual term must be "sufficiently clear to a reasonable consumer," and waiver must be "clearly and unmistakably established." <u>Atalese</u>, 219 A.3d at 309-314. Finally, the party who contests the making of such an agreement has the right to have the issue presented to a jury. <u>Guidotti v. Legal Helpers Debt Resolution,</u>

L.L.C., 716 F. 3d 764, 771 (3d Cir. 2013), citing Par–Knit Mills, Inc. v. Stockbridge Fabrics Co., Ltd., 636 F.2d 51, 54 (3d Cir. 1980).

Defendant has failed to present sufficient evidence that Plaintiff knowingly agreed to arbitration. Defendant has produced evidence of two documents allegedly mailed to Plaintiff. With respect to the first, Defendant relies on the affidavit of Gary Harwood, Vice President of Portfolio Services at Credit One Bank, N.A., who states that "[i]n August 2013 the Plaintiff was sent a written solicitation for a pre-approved credit card with a unique reservation number of FD18-BD24-MWFG," and a "sample" of the solicitation sent to Plaintiff, that does not contain Plaintiff's name, address, solicitation number or signature. See Docket Entry No. 6 Exhibits A, A-1. Exhibit A-1 contains an unsigned signature block that reads:

> "By signing/submitting this Acceptance Certificate, I acknowledge I have read the terms and conditions on both sides of this letter and the offer letter, and agree to be bound by those terms."

Defendant does not produce a version of this agreement signed by Plaintiff or returned by Plaintiff to Credit One. In fact, Defendant has not provided any evidence that Exhibit A-1 was ever signed or submitted by Plaintiff or that Exhibit A-1 contains terms and conditions to which Plaintiff agreed.

Moreover, with respect to the issue of arbitration, Exhibit A-1 merely states:

> "You and we agree that either you or we may without the other's consent require that any dispute between you and us be submitted to mandatory binding arbitration. A more detailed description of this Arbitration Agreement will be sent with your card. See Docket No. 6, Exhibit A-1.

Even assuming Plaintiff signed and returned to Credit One a document similar to Exhibit A-1, Defendant would not have presented evidence sufficient to prove "consensual understanding" under New Jersey law. In New Jersey parties cannot mutually assent to a written agreement waiving their statutory rights unless the agreement contains language that explicitly states that they are waiving those rights Atalese, 99 A.3d at 309. Nevertheless, all facts considered in the light most favorable to the Plaintiff, defendant's evidence falls well short of proving any agreement to the terms of its arbitration agreement.

Defendant has similarly failed to submit evidence to show that Plaintiff agreed to the terms in Exhibit A-2. Other than its self-serving conclusory statements that "Plaintiff accepted and made charges to the Account," and "Plaintiff also made payments towards the Account," Defendant provides no documentation showing Plaintiff's written acceptance of the terms and conditions of a credit card, any use of the credit card, and/or any payments on the account. Exhibit A-2 contains no name, address, account number or reservation number, and most importantly no signature or acknowledgment of receipt by Plaintiff. There is no competent evidence to establish that Exhibit A-2 was sent to Plaintiff

and similarly there is no evidence to suggest that Plaintiff and Defendant reached a "consensual understanding" as to the waiver of Plaintiff's statutory rights. Concluding that Plaintiff and Defendant arrived at a meeting of the minds simply because a document may have been mailed to Plaintiff requires several inferences in favor of defendant, all of which are inappropriate in the context of deciding a motion to dismiss or a motion for summary judgment. Further, under New Jersey law there can be no mutual assent to contract provisions waiving statutory or constitutional rights absent some affirmative acknowledgement on behalf of a party who is claimed to have waived those rights. Because Defendant has failed to provide any evidence as to Plaintiff's understanding and acceptance of its arbitration clause Defendant's motion should be denied.

### C. Assuming arguendo that Defendant has proven the existence of an enforceable contract, the arbitration clause is unconscionable.

Even if an arbitration clause made its way to Plaintiff, such clause is unconscionable and therefore unenforceable. New Jersey courts will find that a contract is "procedurally unconscionable" where there is unfairness in the formation of the contract. Guidotti v. Legal Helpers Debt Resolution, L.L.C., No. CIV.A. 11-1219 JBS, 2014 WL 6863183, at *11 (D.N.J. Dec. 3, 2014). A court will look for the presence of "hidden or unduly complex contract terms, bargaining tactics, and the particular setting existing during the contract formation

PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND COMPEL ARBITRATION

process", in addition to unequal bargaining power between the parties and the adhesive nature of a contract. Id. at 11. A contract is substantively unconscionable where the exchange of obligations is substantially one-sided. Id. In analyzing whether a contract is unconscionable New Jersey courts weigh both procedural and substantive unconscionability on a sliding scale; they do not require any particular threshold of each kind of unconscionability but apply a flexible standard. Sitogum Holdings, Inc. v. Ropes, 800 A.2d 915, 923 (N.J. Super. Ch. Div. 2002).

      Here Defendant seeks to enforce a clause that is buried on the penultimate page of an adhesive contract full of convoluted legal terms in tiny print that requires Plaintiff to waive both statutory and constitutional rights. The design of the document is in no way calculated to reach a meeting of the minds between Defendant and a reasonable consumer with respect to its terms. Additionally, Defendant reserves itself the right to change any of the terms of the contract at any time, presumably even that of the arbitration clause, and grants no such right to Plaintiff. In another part of the contract the arbitration clause is described as discretionary rather than mandatory, stating that claims "may" be subject to mandatory arbitration not that they "will" be. Assuming that it was received at all, viewing all facts in the light most favorable to the Plaintiff and making all reasonable inferences in her favor, the evidence presented by Defendant is

insufficient to find an enforceable agreement as to the arbitration clause in Exhibit A-2.

## IV. CONCLUSION

For the foregoing reasons, Defendant has failed to meet its burden under Fed. R. Civ. P. 12(b)(6) as Plaintiff has stated a claim, and Defendant has failed to meet its burden under Fed. R. Civ. P. 56 to establish the formation and existence of an enforceable arbitration contract. Consequently the Court should deny Defendant's Motion.

Respectfully submitted,

Dated: May 18, 2015

By: /s/ Amy L. Bennecoff Ginsburg
Amy L. Bennecoff Ginsburg, Esquire
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, Pennsylvania 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: aginsburg@creditlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of Plaintiff's Memorandum of Law in Support of Her Opposition to Defendant's Motion to Dismiss and Compel Arbitration was served upon the following, via electronic mail and via first class mail, on <u>May 18, 2015.</u>

Ross S. Enders, Esq.<br>
Sessions, Fishman, Nathan & Israel, LLC<br>
2303 Oxfordshire Road<br>
Furlong, PA 18925<br>
Email: renders@sessions-law.biz

By: <u>/s/ Amy L. Bennecoff Ginsburg</u>
Amy L. Bennecoff Ginsburg, Esquire